IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| PRESTON 1210 LLC )<br>　　　　　Plaintiff )<br>v. )<br> )<br>NATIONWIDE GENERAL )<br>INSURANCE COMPANY )<br> )<br>　　　　　Defendant )<br> )<br>Serve: Corporation Service Company )<br>　　　　421 West Main Street )<br>　　　　Frankfort, Kentucky 40601 )<br> ) | CASE NO. 3:19-cv-796-CRS |

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

Preston 1210 LLC (herein "Preston 1210"), by counsel and pursuant to Fed.R.Civ.P. 7 and 8, for its complaint (herein "Complaint") against Nationwide General Insurance Company (herein "Nationwide" or "Defendant") states as follows:

**PRELIMINARY STATEMENT**

1.　This is an action for a Declaratory Judgment of Coverage under an Insurance Policy and compensatory, consequential, actual and statutory damages, costs and attorney's fees brought pursuant to KRS 304.12-230, *et seq.*, and other applicable law.

**JURISDICTION AND VENUE**

2.　The jurisdiction of this Court is conferred by 28 U.S.C. § 1332 as the parties are citizens of different states, and the amount of controversy is in excess of $75,000.00.

3.　Venue is proper pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, and

a substantial part of the property that is the subject of this action is situation in this judicial district. Moreover, the Policy in the matter was created, issued and entered into in Jefferson County, Kentucky.

## PARTIES

4. Preston 1210 is a Kentucky limited liability company having a principal office address of 246 North Avenue, Garwood, New Jersey 07027.

5. Upon information and belief, the Defendant is an Ohio for-profit corporation having a principal office address of One West Nationwide Boulevard, Columbus, Ohio 43215.

6. Upon information and belief, Nationwide is a general insurance company offering various property and casualty insurance policies to its insureds, including to Preston 1210.

## FACTUAL BACKGROUND

7. Preston 1210 is the owner of the real property and improvements commonly known as 1208-1214 Lipps Lane, Louisville, Jefferson County, Kentucky 40219 (herein "the Property"). The Property is a multi-family apartment complex containing four (4) distinct apartment buildings.

8. On or about November 20, 2018, Nationwide issued a Premier Businessowners Policy, Policy Number ACP BPHG3009073430 (herein "the Policy"), which provided certain property and casualty insurance coverage to Preston 1210 and the Property. A copy of the Policy is attached hereto as **Exhibit A** and is incorporated herein by reference.

9. The Policy Period (as defined in the Policy) was from November 20, 2018 through November 20, 2019.

10. On or about February 15, 2019, the Property suffered a loss (herein "the Loss"). Specifically, on or about February 15, 2019, an electrical short severely damaged a lift station,

associated wiring, and a controller at the Property. This event caused the failure of the circuit board, pump, and motor in the lift station at the Property, and resulted in direct water damage to the adjoining Covered Property (as defined in the Policy).

11. Preston 1210 thereafter promptly presented and submitted a claim (herein "Claim") to Nationwide for coverage of the Loss, invited Nationwide representatives to inspect the Property and submitted all necessary and pertinent information to support the Claim.

12. Despite receiving the Claim and all necessary and pertinent supporting information to substantiate and justify coverage for the Claim under the Policy, Nationwide has failed and/or refused to investigate the Claim adequately, failed to provide complete coverage of the Claim, and has otherwise refused to pay the Claim without appropriate justification. Written requests to Nationwide have been ignored, and demands for complete coverage of the Claim have been rejected.

## COUNT ONE:
## DECLARATORY JUDGMENT

13. Preston 1210 hereby incorporates in this count as if fully set forth herein every foregoing allegation of this Complaint.

14. KRS 418.040 and common law authorize plaintiffs in this Court (including Preston 1210) to seek a declaration of rights, either alone or with other relief, when it is made to appear that an actual controversy exists.

15. Additionally, and/or in the alternative, 28 U.S.C. § 2201, *et seq.*, the Declaratory Judgment Act, authorizes this Court to declare the rights and other legal relations of any interested party seeking such a declaration, which shall have the force and effect of a final judgment.

16. As set forth herein, the dispute regarding coverage of the Loss under the Policy constitutes an actual controversy. Therefore, Preston 1210 is entitled to a judgment declaring the

Loss to be covered under the Policy and for payment of applicable damages under the Policy and/or otherwise demanded in this suit.

## COUNT TWO:
## BREACH OF CONTRACT

17. Preston 1210 hereby incorporates in this count as if fully set forth herein every foregoing allegation of this Complaint.

18. Notwithstanding the existence of a valid and enforceable contract between Preston 1210 and Nationwide, namely, the Policy, Nationwide has failed and/or refused to honor the terms of same without appropriate justification. Such acts and omissions of Nationwide are in violation of the Policy, which affords coverage of the Loss, and constitute breach of contract.

19. The Policy provides coverage under Section A for direct physical loss resulting from any covered cause of loss. A covered cause of loss is defined in the Policy as direct physical loss, unless the loss is excluded or limited.

20. The Policy provides Additional Coverage for direct physical loss resulting from a covered cause. Additional Coverage includes, among other things:

> (a) <u>Debris Removal</u>: resulting from a covered loss calculated as 25% of the deductible plus the amount of the loss;
>
> (n) <u>Equipment Breakdown</u>: We will pay for direct physical loss of or damage to Covered Property caused by or resulting from an "accident" to "covered equipment." If an initial "accident" causes other "accidents," all will be considered one "accident." All "accidents" that are the result of the same event will be considered one "accident;"
>
> (r) <u>Backup of Sewer Or Drain Water Damage</u>: (2) We will pay for loss of or damage to Covered Property caused by water that backs up or overflows from a sewer or drain pipe, sump pump well, or similar device designed to prevent overflow seepage or leakage of subsurface water. (d) The most we will pay for loss or damage under this coverage is: (a) $5,000.00 per building or $25,000.00 in any one policy period.

21. When used in quotes, the word "accident" is defined in the policy definitions section H as follows:

> (1) "Accident" means a fortuitous event that causes direct physical damage to "covered equipment." The event must be one of the following:
>
> a. Mechanical breakdown, including rupture or bursting caused by centrifugal force;
>
> b. Artificially generated electrical current including electric arcing that disturbs electrical devices, appliances, or wires;

22. Policy exclusions are set out in Part B of the Policy. Water backup from a sewer or drain pipe is excluded except as provided in the Additional Coverage section of the Policy under Part A. Thus, back up of sewer or water is an exception to the exclusion for water backup, and there is coverage under the Policy for Back Up of Sewer Or Drain Water.

23. In pertinent part, the Policy provides for the following exclusions:

> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
> > g. Water
> >
> > (3) Water that backs up or overflows or is otherwise discharged from a sewer, drainpipe, sump, sump pump or related equipment, except as provided under the Back Up Of Sewer Or Drain Water Damage Additional Coverage.

24. The Loss is an Equipment Breakdown loss, not a Back Up of Sewer and Water loss. The Policy coverage for Equipment Breakdown states:

> n. Equipment Breakdown

> (1) We will pay for direct physical loss of or damage to Covered Property caused by or resulting from an "accident" to "covered equipment." If an initial "accident" causes other "accidents," all will be considered one "accident. All "accidents" that are the result of the same event will be considered one "accident.

The ensuing loss from the equipment breakdown is one event (equipment breakdown) that caused loss to covered property (the building) and should be covered under the Policy.

25. As a result of such acts and omissions, Preston 1210 has sustained damage and is entitled to recover all compensatory, consequential and other damages as allowed by law, including but not limited to cost of remediation, rehabilitation and reconstruction, repair, lost rents and loss of use, in an amount considerably in excess of that amount necessary to invoke the Court's jurisdiction. Additionally, Preston 1210 is entitled to recover its costs and attorney's fees.

## COUNT THREE:
## VIOLATION OF THE UNFAIR CLAIMS SETTLEMENT PRACTICES ACT AND OTHER APPLICABLE INSURANCE LAW

26. Preston 1210 hereby incorporates in this count as if fully set forth herein every foregoing allegation of this Complaint.

27. Furthermore, the acts and omissions of Nationwide constitute violations of Kentucky's Unfair Claims Settlement Practices Act (herein "UCSPA"), KRS 304.12-230 *et seq.*, including but not limited to one or more the following portions of the UCSPA:

(a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

(b)     Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

(c)     Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(d)     Refusing to pay claims without conducting a reasonable investigation based upon all available information;

(e)     Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(f)     Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

(g)     Compelling its insured to institute legal action to recover amounts due under a policy of insurance by offering less than the amounts ultimately recoverable;

(h)     Attempting to settle a claim for less than the amount to which a reasonable person would have believed he or she was entitled; and/or

(i)     Failing to provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

28.     Nationwide's acts and omissions in violation of the UCSPA have caused Preston 1210 to suffer damages in an amount considerably in excess of that amount necessary to invoke the Court's jurisdiction. As a result of same, Preston 1210 is entitled to recover from Nationwide all compensatory, consequential, statutory and all other damages allowed by law in addition to its costs and attorney's fees.

29. Additionally, Nationwide's conduct as alleged herein violates KRS 304.12-235, which provides that all claims arising under any contract of insurance be paid not more than thirty (30) days from the insurer's receipt of same.

30. Nationwide has failed and/or refused to settle and/or to assist in the settlement and payment of the Claim under KRS 304.12-235 and otherwise; consequently, the final settlement value shall bear interest at the rate of twelve percent (12%) interest from the end of the above-referenced thirty (30) day period, and Preston 1210 is further entitled to be reimbursed for its costs and attorney's fees incurred in the prosecution of this action and otherwise. Furthermore, said attorney's fees and costs are awardable to Preston 1210 and shall not be charged against benefits due under the Policy.

## COUNT FOUR:
## NEGLIGENCE

31. Preston 1210 hereby incorporates in this count as if fully set forth herein every foregoing allegation of this Complaint.

32. Nationwide owed a duty to Preston 1210 to act reasonably with respect to its evaluation, handling and settlement of the Claim.  As set forth herein, Nationwide has breached said duty by failing, among other things, to investigate and achieve fair settlement and payment of the Claim.

33. As a result of same, Preston 1210 has sustained damages and is entitled to recover all compensatory, consequential, punitive and other damages as allowed by law, including but not limited to cost of remediation, rehabilitation and reconstruction, repair, lost rents and loss of use, in an amount considerably in excess of that amount necessary to invoke the Court's jurisdiction.  Additionally, Preston 1210 is entitled to recover its costs and attorney's fees.

WHEREFORE, Preston 1210 respectfully requests the following relief:

      A.      Declaratory judgment declaring the Loss to be covered under the Policy to the fullest extent allowed by law and the Policy;

      B.      An award of all damages suffered by Preston 1210 or to which it is entitled, including all compensatory, consequential, statutory and actual damages allowed by law, including but not limited to cost of remediation, rehabilitation and reconstruction, repair, lost rents and loss of use;

      C.      A trial by jury on all issues so triable;

      D.      An award of its costs and attorney's fees incurred to the fullest extent allowed by law;

      E.      An award of all pre-judgment and post-judgment interest at the maximum allowable rate; and

      F.      All other relief to which Preston 1210 is entitled.

      Respectfully submitted,

/s/ H. Kevin Eddins
H. Kevin Eddins
Kevin J. Fiet
Gregory L. Taylor
EDDINS · DOMINE LAW GROUP, PLLC
3950 Westport Road
Louisville, Kentucky 40207
Phone: (502) 893-2350
Fax: (502) 893-1949
E-mail: keddins@louisvillelawyers.com
E-mail: kfiet@louisvillelawyers.com
E-mail: gtaylor@louisvillelawyers.com
*Counsel for Preston 1210*